UNITED STATES DISTRICT COURT
For The District Of Columbia

Everrick Newman
　　Movant

v.

United States of America
　　Respondants

Leave to file GRANTED
_AB_____ 10/19/20
Amy B. Jackson　　　　Date
United States District Judge

Crim. Case No. 1:20-cr-00154
(Judge Amy Berman Jackson)

### MOVANT'S PRO SE MOTION TO DISMISS INDICTMENT AND PROSECUTION CASE-CHIEF ON INSUFFICIENT OF EVIDENCE AND IEFFECTIVE ASSISTANCE OF COUNSEL

COMES NOW, Everrick Newman, (hereafter referred to as "Movant") Pro Se, respectfully Moves this Honorable Court and the Honorable Judge Presiding over this case matter with the above captioned Motion to Dismiss. In Support of Motion as follows:

1) Movant brings forth to this honorable Court a String of inconsistencies and insufficient [alleged] evidence on behalf of the government case-in-chief to established Fourth Amendment Probable Cause to search and seizure herein which establish doubt as to beyond a reasonable doubt burden of Proof on the government; there is concrete Proof of the doubt existing in this case matters as Movant Point out vital factors warranting dismissal as requesting in this instant Motion

2) Movant states he has received ineffective assistance of Counsel in violation of My 6th amendment rights to meaningful effective assistance which I have not received. There is a conflict of interest between counsel and Movant herein, everything counsel states or answer to Movant's questions is always in favor of the government and what the government says. Counsel has not effectively communicated.

1) The inconsistencies in the 'Vital Probable Cause' protected by the 4th amendment and criteria to be met by the prosecution before it is to proceed in a prosecution case. Movant states, the prosecution has not met this burden beyond a reasonable doubt; Why? When the law enforcement officers first approached Movant's vehicle as their Probable Cause, the officers inquired about noise complaint "Person blowing a car horn" and then look at Metropolitan Police investigative report - (5-6-20-2249 hours): "Whoever is inside vehicle continues to hit on horn," which matches the Probable Cause approach to Movant's vehicle on noise complaint.

2) Then the [alleged] Probable Cause switches to different facts totally from "noise complaint" to "Person with a gun (Plain Sight) allegedly broadcasted over the 6th district Police radio channel, " for a Person with a gun. The called [as alleged] stated that the individuals (notice the caller using Plural) in question were occupying a <u>light colored sedan in the rear parking lot of the apartment buildings in the 5400 block of Call Pl-S.E.</u>" (3rd paragraph of Statements given to court ~~on 5-to-20~~ in Superior Court of the District of Columbia, criminal division - CCN#20068540 - Arrest # 06201 01 78.

—2—

Now look at the 'Official Metropolitan Police Investigative Report-(5-6-20-2249 hrs.):

"Weapon seen" "Suspect still there" Property-Subject no longer in eye site per caller-(but you said suspect was still there inside light colored sedan, which is correct?) Caller-"Subject arrived in a white Sedan, other vehicles are still on scene that arrived with white sedan (so if the caller specifically described the 'color of the vehicle' as "white" what Probable Cause did the Police officers had to approach the "tan" vehicle, irregardless of whether it was occupied or not, and the [alleged] caller could detail an [alleged] description of the "[alleged]'Person with a gun", then surely the [alleged] caller could differentate white from tan, if the [alleged] caller described the "color of the clothes the [alleged] possessor of the gun had on".

3) Then the Probable Cause changed again while the Police officer(s) were at the vehicle conversating with Movant, [if the Probable Cause was for noise complaint and the officers acknowledged "horn continue blowing"; and then switches to "a Person with a gun in a white sedan"," Subject no longer in eye site per caller"], What probable cause that Police had to first, to question Movant whom car was parked and had a female passenger in the vehicle with its seats tilted all the way back (in a relaxing mode, being the vehicle was

-3-

not moving (operating) (and there's evidence the Movant and his Passenger were engaged in Sexual activities which Justified why the seats were tilted all the way back in a Park car), the Point of argument is, what Probable Cause did the officer(s) had to be concerned with the Seats "obscuring the view of the rear seat of the car?" "did the officer per body camera; State to Movant their Probable Cause for approaching his vehicle was they had received an annonymous call of a Person with a gun in a white car (not tan)," "do you have any weapon(s) in your vehicle or on you person as well to your Passenger?" "Do you consent to Police officers Conducting a search of your vehicle for Possible weapons?" none of this transpired, and these are important Precepts of 4th Amendment, Stop(s), detainment(s), Searches and Seizures Procedurals which are mandatory to meet 4th amendment Probable Cause Standard, which the law enforcement has failed to meet in this Case-in-Chief at this stage of the proceedings (see Exhibit (B) of Movant's evidence in support of 'insufficient evidence to sustain Probable Cause, given reasons why Superior Court of the District of Columbia - criminal division "No papered the case therein" the

Same must apply herein with this honorable U.S. District Court. It is clearly in exhibit (B)'s official statements, nothing about 4th Amendment Probable Cause as to a "weapon" and what, again, Probable Cause did officer Jones had or met, to ask Movant and Passenger, "if the seats could be tilted upright? Surely sitting in a parked vehicle, with the seats tilted back (male/female), is this a crime, or vehicle violations, the car was not a moving stop and the vehicle was certainly not white. And Movant certainly was dressed totally different from what the [alleged] caller described, See exhibit (A), then exhibit (C). And again, if officers approached Movant's vehicle on a <u>noise complaint</u>, then why would officers be concerned with Movant's rear seat, when Movant was "in plain sight (full body, as well as the passenger) in the driver and passenger seat?

4) Then another <u>vital argument</u> to this Court, after police officers concluded the conversation with Movant at the vehicle (still not mention about weapon beforehand, whether it was an official Probable Cause detainment and questioning as to an report of a person with the [alleged] gun in a white sedan, or its intents to search Movant's vehicle, instead the police officers

-5-

instructed Movant "he was _free to leave_," so what Probable Cause did the officers had to redetain and further detain Movant after establishing "no Prable Cause in the first instance" per _body Camera_? To this date of filing this 'Supplemental Pro Se Motion to supplement with Counsel's Motion, Police officers herein, the government has failed to meet, establish Probable Cause to meet 4th amendment Proof beyond a reasonable doubt, and surely the record of this case establishes doubt as to its [alleged] factual foundation.

5) And Lastly, how could the Prosecution, the law enforcement officials establish "Plain Sight" as to the weapon(s); when in its report "Possession of weapon / (concealed), it made emphasis as to the important fact of 4th amendment burden of Proof "Concealed"; so you cannot proceed on a 'Plain Sight" finding and a 4th amendment - Probable Cause attachment to _Search Concealed_ items as _Miranda v Arizon, ___ US ___ (1966) requires_, as also with asking Movant to raise his seats was a probable Cause issue that had not been met giving rise to an earlier "No paper" to prosecute,

due to the prosecution not meeting its burden of Proof to establish 'Probable Cause', the same must be held herein. Movant submits, the [alleged] facts herein this case on behalf of the prosecution is "highly suspect" and "signs of false and unethical behaviors by its parties and/or parties whom represent the prosecution as to the main argument, 'Probable Cause', the [alleged] Caller, the 4th amendment violation(s) of detention, Search and Seizure, the false arrest (irregardless of what [alleged] contraband discovered and seized) and the inconsistencies of the police incident reports and the [alleged] inconclusive DNA evidence to justify violating Movant's rights under the 5th amendment due process of law in having the Federal Prosecution reprosecute this case when before hand the case was 'nolle process' due to insufficient of evidence to establish Probable Cause, is the Federal Prosecution Jurists stating the Superior Court of the District of Columbia - Criminal Division Jurists were, are incompetent as to its ruling(s) in this case and overall, not to Prosecute due lack of finding of Probable

-7-

Cause as herein. The indictment herein must be quashed and this case matter dismissed in the interest of justice.

WHEREFORE, Movant respectfully prays that this U.S. District Court enter a Judgment GRANTING Movant's Pro Se Supplemental Motion to Counsel's Motion and the requested relief therein.

Respectfully Submitted this ____ day of _____, 2020

Everrick Newman, Movant, Pro Se,
DCDC #351-199, D3B-20, 1901 E
St. S.E, Washington, D.C., 20003

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served via institution Legal Mail to the Office of the United States Attorney for the District of Columbia (Federal) this ____ day of _____, 2020.

Everrick Newman, Movant, Pro Se, DCDC #

*(The Court has to excuse Movant for submitting Motion on back of these "forms" - Movant does not have meaningful access to the law library nor materials)

—8—

## CCN #20068540 – OFFENSE REPORT ARREST TYPE

| REPORT DATE / TIME | DISTRICT / PSA | EVENT START DATE / TIME - EVENT END DATE / TIME | INCIDENT STATISTICS |
|---|---|---|---|
| May 06, 2020 23:39 | Sixth District / 604 | May 06, 2020 22:50 - May 06, 2020 23:40 | |
| RESPONDING OFFICER | | WEATHER | |
| Kyle Weber (#11184) – MPD | | Rain, | |

**ASSISTING OFFICER (ASSIST TYPE)**

Charles Morris (#9656) (Assisting Officer), Markell Jones (#10585) (Assisting Officer), Andrew Rose (#9229) (Assisting Officer), ANTHONY GATON (#11123) (Assisting Officer), Timothy Hargrove (#10581) (Assisting Officer), Robert Kelly (#10296) (Assisting Officer), Sirena Serratos (#11258) (Assisting Officer), Steven Quarles (#10939) (Assisting Officer), JASON WHITE (#10352) (Assisting Officer), JOSEPH HUDSON (#8376) (Assisting Officer), Christina Roccato (#9639) (Assisting Officer), Lamond Sparrow (#11194) (Assisting Officer), JOSHUA SPICER (#11130) (Assisting Officer)

| TELETYPE DATE / TIME | TELETYPE # | PERSON NOTIFIED AT TELETYPE | SHOTS FIRED | SHOTS EFFECT |
|---|---|---|---|---|
| | | | ☐ YES ☒ NO | ☐ YES ☒ NO |
| WAS A STOP INVOLVED? ☒ YES ☐ NO | STOP START DATE/TIME - STOP END DATE/TIME May 06, 2020 22:50 - May 06, 2020 23:20 | REASON FOR THE STOP BOLO/Lookout, Call for service | | |

### REPORTING PERSON

| NAME (LAST, FIRST MIDDLE) | DOB / ESTIMATED AGE RANGE | | |
|---|---|---|---|
| R-2 CST, 6D MPD | 1 - 100 yrs old | | |
| SEX | RACE / ETHNICITY | PHONE | EMAIL |
| Unknown | Multiple / Unknown | | |

HOME ADDRESS

SIXTH DISTRICT POLICE STATION, 5002 HAYES STREET NE, WASHINGTON, DC 20019  **Type:** Government/ Public Building  **Public/Private:** Public  **PSA:** 608  **District:** Sixth District

| NAME (LAST, FIRST MIDDLE) | DOB / ESTIMATED AGE RANGE | | |
|---|---|---|---|
| R-3 K. Weber, Officer | 22 - 101 yrs old | | |
| SEX | RACE / ETHNICITY | PHONE | EMAIL |
| Male | Unknown / Not Hispanic Or Latino | (202) 698-0555 (Mobile Phone) | |

HOME ADDRESS

SIXTH DISTRICT POLICE STATION, 5002 HAYES STREET NE, WASHINGTON, DC 20019  **Type:** Government/ Public Building  **Public/Private:** Public  **PSA:** 608  **District:** Sixth District

## OFFENSE #1 – 20068540

| OFFENSE | OFFENSE COMPLETION |
|---|---|
| Felon In Possession (22DC4503A2) | ☒ COMPLETED ☐ ATTEMPTED |

OFFENSE CASE STATUS

Cleared By Arrest (May 07, 2020)

OFFENSE LOCATION

5400 CALL PLACE SE, WASHINGTON, DC 20019  **Type:** Highway/ Road/ Alley/ Street/ Sidewalk  **Public/Private:** Public  **PSA:** 604  **District:** Sixth District
**Description:** Rear of

| LOCATION TYPE | POSITION (BEHIND, FRONT, INSIDE, SIDE) |
|---|---|
| Highway/ Road/ Alley/ Street/ Sidewalk | Behind |

LOCATION DESCRIPTION

Rear of

| AGGRAVATED ASSAULT FACTORS/HOMICIDE FACTORS | OFFENSE PROPERTIES |
|---|---|
| | Gun Involved, |
| HATE BIAS/MOTIVIATION | |
| WEAPON/FORCE INVOLVED | GANG INFORMATION |
| Handgun | |
| CRIMINAL ACTIVITIES | MODUS OPERANDI |
| Possession/ Conceal, | |
| FORCED ENTRY | # OF PREMISES | SECURITY SYSTEM | CARGO THEFT |
| ☐ YES ☐ NO | | | ☐ YES ☐ NO |
| NEGLIGENT MANSLAUGHTER CIRCUMSTANCE | | | BUILDING INHABITED (ARSON) |



# PRELIMINARY INVESTIGATIVE REPORT
## Metropolitan Police Department
**05/06/20 2249 hours – Felon in Possession – 5400 Call Pl SE – PSA 604 – 6D SCI Area 2 – CCN 20068540**
Prepared by Criminal Research Specialist: Cox
Date: Thursday, May 07, 2020

Please note: This report is <u>preliminary</u> and based off of the information currently available.

## GANG/CREW INFORMATION

This incident is within a block of **Alphabet City** crew area. Please contact the Intelligence Branch for additional information concerning known crews and conflicts.

## SUMMER CRIME INITIATIVE (SCI) AREA INFORMATION

The incident address is in the **6D (SCI) Area 2.**

## CAD EVENT INFORMATION

**I20200244091 - PERWITH - PERSON WITH WEAPON**
**5409 CALL PL SE DC: REAR PARKING LOT**

| Overview | Chronology | Event Unit | View Map | Event Details | Event Calls (1) |

**EVENT INFORMATION - I20200244091**  Actions>  Create New Event>

| Event Type | Event ID | Priority | Status | Source | DGroup | Case Numbers | Disposition Code |
|---|---|---|---|---|---|---|---|
| PERWITH | I20200244091 | 1 | A | PHONE | 6D | R2020068540 | ASSNCASE |

**AGENCY INFORMATION**

| Agency | Priority | DGroup | ESZ | Area | Added | Dispatched | Arrived | Closed | Close ID | Close Terminal |
|---|---|---|---|---|---|---|---|---|---|---|
| MPD | 1 | 6D | 604 | 604 | 05/06/20 22:53:58 | 05/06/20 22:54:08 | 05/06/20 22:57:27 | 05/07/20 00:40:43 | 5880 | d115 |

## CALLER INFORMATION

**Name:** [redacted]

**Phone:** [redacted]

**Address:**

** ECBD STARTED
PERSON WITH GUN
In Progress
Weapon(s) seen
Suspect still there
PROPERTY
S1: B/M BEWTEEN 18-21TOA/WEARING BLACK HOODIE/BLACK JEANS.......BLACK GLOVES
Type of weapon::: GUN
SUBJECT NO LONGER IN EYE SITE PER CALLER
SUBJECT ARRIVED IN A WHITE SEDAN
OTHER VEHICLES ARE STILL ON SCENE THAT ARRIVED WITH WHITE SEDAN
VEHICLE ON SCENE: TAN SEDAN
POSSIBLY OLD SATURN
SUBJECTS INSIDE VEHILCE..........UNKNOWN HOW MANY
WHOEVER IS INSIDE VEHICLE CONTINUES TO HIT ON HORN

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION
## UNITED STATES
## VS
## NEWMAN, EVERICK MCKALE
### CCN #: 20068540
### Arrest Number: 062010178

The event occurred on 05/06/2020 at approximately 22:50 at 5400 CALL PLACE SE, WASHINGTON, DC 20019

BWC Activated

The following events occurred in the rear of 5400 Call pl. SE, Washington, D.C. 20019 on Wednesday, May 6, 2020 at approximately 2330 hours.

The 6th District Crime Suppression Team was working the evening tour of duty, in full MPD uniform, operating marked and unmarked scout cars while in service utilizing various "CST" call signs.

While on active patrol in PSA 604, a call was voiced over the 6th District main radio channel for a person with a gun. The caller stated that the individuals in question were occupying a light colored sedan in the rear parking lot of the apartment building in the 5400 block of Call pl. SE.

When Officer Jones (driver), Weber (front passenger) and Hargrove (rear passenger) arrived at the location they observed in the rear most parking space a light colored sedan with two occupants inside. It was the only vehicle in the parking lot that was occupied when MPD entered the location.

Officers Hargrove and Jones made contact with the driver, Defendant Newman and the passenger, ▓▓▓▓▓ ▓▓▓▓▓ while immediately noticing that both seats were tilted all the way back, obscuring the view of the rear seat of the car.

After a brief conversation with Defendant Newman, Officer Jones asked if the seats could be tilted upright. Both Defendant Newman and ▓▓▓▓▓▓▓▓▓▓ complied with the request and with the seats now elevated Officer Hargrove was able to see a black jacket in the rear passenger seat with a partial pistol grip visibly protruding from within.

Both Defendants were immediately stepped out and detained while Officer Hargrove entered the rear of the vehicle and uncovered the grip revealing the pistol fully.

The handgun that was now fully visible appeared to be fully functional, designed to be shot with one hand, had a barrel length of the less then 12in and designed to expel a projectile by means of an explosion.

At this time Defendant Newman and ▓▓▓▓▓▓▓▓▓▓▓▓▓ were placed under arrest.

A criminal history check on Defendant Newman revealed he has a prior conviction for a felony punishable by more than 12mo. incarceration (2016CF2019910). Additionally, A WALES/NCIC check of the firearm and Defendant Newman revealed he does not possess a permit to carry a hand gun within the district of Columbia and that the firearm is not currently registered in the District. ▓▓▓▓▓▓▓▓▓▓ Also does not possess a permit to carry within the district.

CRS operator Lexi also confirmed that both Defendants had no returns for firearms registrations or permits in the Diostrict of Columbia.

Defendant Newman, positively identified by his District of Columbia identification, was charged with FIP, CPWL, UF/ /UA, Hi-capacity feeding device.

▓▓▓▓▓▓▓▓▓▓ positively identified by an image in the WALES/NCIC database, was charged with CPWL, UF/ UA, Hi-capacity feeding device.

Both were transported to the 6th District for processing.

E. Newman 18

Pg. 1 of 2

[Exhibit (C)]





Everick Newman
DCDC # 319144, DSB-20
1901 E St. S.E.
Washington DC 20003

LEGAL
MAIL

United States District Court
for the District of Columbia
Att: Chamber of Hon. Judge
Amy Berman Jackson
333 Constitution Ave N.W.
Washington, D.C. 20001