UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Criminal. No. 20-cr-154 (ABJ) |
| **EVERRICK NEWMAN** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Federal Rule of Evidence 404(b), to permit the introduction of evidence of other criminal conduct for proper non-propensity purposes, as detailed below. The United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on the Motion.

Factual Background

Defendant Everrick Newman is charged by indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). On May 6, 2020, officers responded to the parking lot of 5400 Call Place Southeast, Washington, D.C., after a witness reporting seeing a "man with a gun in his hand."

The facts supporting the defendant's unlawful possession of the firearm include:

- An audio recording of the 911 call from May 6, 2020, which describes an individual "with a gun in his hand" inside a vehicle in the parking lot where the defendant was later arrested;

- Evidence of the recovery of the firearm in the backseat of the defendant's registered vehicle on or about May 6, 2020 (including photographs and body-worn camera footage); and

- DNA evidence from the firearm and ammunition connecting the defendant.

The evidence of the defendant's possession of the firearm at trial includes evidence of actual possession (based on the May 6, 2020 audio recording, photographs, and camera footage), as well as evidence that he constructively possessed the firearm (given the facts and circumstances of its recovery on or about May 6, 2020). Based on this evidence, a jury could find that he actually possessed the firearm based on the witness's statements and given his immediate proximity to the firearm. Alternatively, a jury could find that the evidence of the firearm's recovery in the backseat is sufficient only to prove unlawful possession of the firearm under a theory of constructive possession. Because the defendant continues to contest his possession of the firearm, the government should be permitted to argue under alternative theories that the defendant unlawfully possessed the firearm and ammunition in this case. Because the jury could find the defendant guilty based on the constructive possession alone – for instance, finding that the firearm was too far from the defendant's person for possession to be actual – evidence of the defendant's prior firearms possession is admissible for the reasons detailed below.

The defendant has a prior conviction for unlawful possession of a firearm.[1] On December 3, 2016, officers responded to a report of disorderly conduct in the hallway of 2728 Langston Place Southeast. See Exh. A (December 3, 2016, Gerstein Affidavit). Upon arrival, officers observed a man (later identified as Defendant Newman) exiting the building. When the officers approached him, the defendant immediately fled, clutching his waistband in a manner which indicated to the officers that he was concealing a weapon. The officers gave chase and, upon stopping the

---

[1] 2016-CF2-019910.

defendant, found a fully functional Phoenix Arms "Raven" pistol in the waistband of his clothes, in actual possession of that firearm, for which he was prohibited by law from carrying.

On March 6, 2017, the defendant was convicted in the Superior Court of the District of Columbia in a "stipulated" bench trial after waiving his right to have his case tried by a jury. The Hon. Kimberley S. Knowles found the defendant guilty of a violation of 22 D.C. Code § 4503, Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by More than One Year, among several other charges. He was then sentenced on May 19, 2017 to 36 months of incarceration, to serve 24 months, with the balance suspended and two years of supervised probation. See Exh. B (May 19, 2017, Judgment and Commitment Order).

Argument

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts," is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." Bowie, 232 F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' – for the purpose of proving that a person's actions conformed to his character." Bowie, 232 F.3d at 929-30 (quoting United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("Crowder II")); *accord* United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a

proper purpose so long as the evidence is not offered *solely* to prove character") (quoting United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).[2]

There is a two-pronged test for determining whether evidence of prior crimes is admissible under 404(b). First, the evidence must be "probative of a material issue other than character." Miller, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. Id. Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." Cassell, 292 F.3d at 798 (quoting Dollar v. Long Mf'g, N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be "unfair."); United States v. Pettiford, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of 404(b) evidence is permitted in the government's case-in-chief. Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce similar act evidence in its case-in-chief. See United States v. Inserra, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); United States v. Lewis, 759 F.2d

---

[2] The government's proposed 404(b) evidence is narrowly tailored. See Dowling v. United States, 493 U.S. 342, 349 (1990) (holding that evidence of an alleged offense that the defendant had been acquitted of committing could nonetheless be admitted under Rule 404(b) in a subsequent proceeding); United States v. Ford, 15-cr-25 (PLF), 2016 WL 259640, at *6 (D.D.C. Jan. 21, 2016) (concluding that the defendant's "2012 arrest and juvenile adjudication for firearms possession [was] probative of his intent to possess firearms in the instant case").

1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief").

### I. Evidence of the Defendant's Prior Possession of a Firearm and Ammunition is Admissible Under Rule 404(b)

The government fully intends to prove actual possession of the firearm on or about May 6, 2020, but also recognizes the evidence presented could support a finding that the defendant constructively possessed the firearm if the jury is not convinced of actual possession. In order to convict the defendant of constructive possession, the government must prove that he knowingly possessed the firearm recovered from his vehicle. Specifically, the government must prove that the defendant constructively possessed the firearm by proving that he "knew of, and was in a position to exercise dominion and control over, the weapon." United States v. Clark, 184 F.3d 858, 863 (D.C. Cir. 1999) (quoting United States v. Byfield, 928 F.2d 1163, 1166 (D.C. Cir. 1991)). Defendant Newman's prior possession of a firearm and ammunition on or about December 3, 2016, is admissible as evidence that he knowingly possessed the firearm recovered from the backseat of his vehicle on or about May 6, 2020.

As the D.C. Circuit in United States v. Cassell, 292 F.3d 788 (D.C. Cir. 2002) noted:

> A successful conviction, then, includes proof of a physical element (dominion and control over the actual weapons) as well as a mental element (knowing possession). In this case, the physical element is not contested: Cassell does not dispute that the firearms were recovered from his bedroom. He instead disputes the fact that he ever possessed the firearms, either knowingly or unknowingly, because, according to him, the firearms belonged to his uncle.
>
> \*\*\*
>
> …the element in dispute was the mental element required for a conviction— that is, Cassell's knowing (and intentional) possession of the firearms recovered from his bedroom. We have previously held that "in cases where

5

> a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." King, 254 F.3d at 1100 (citing Huddleston v. United States, 485 U.S. 681, 689 (1988)).

Id. at 792-93 (upholding a district court's ruling to admit evidence of two prior firearm possessions when a defendant was charged with possession of a firearm by a felon and possession of a firearm during drug trafficking when the firearms were recovered from defendant's uncle's apartment).

Similarly, the defendant disputes that he possessed the firearm recovered from his vehicle because another passenger was present when the weapon was recovered. Evidence of the defendant's possession of a firearm in 2016 is evidence that he, not his passenger, knowingly possessed the firearm recovered from the backseat of his vehicle. Where a defendant can argue that he lacked knowledge of the firearm that he is charged with constructively possessing, this Circuit has consistently recognized that evidence of a prior firearms possession is admissible under Rule 404(b). See United States v. Linares, 367 F.3d 941, 949 (D.C. Cir. 2004) (collecting cases); see also United States v. James Brown, 16 F.3d 423 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 900 (1994) (defendant's gun possession during his arrest was admissible under Rule 404(b) because it was "relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe" during a search of the home of a friend of the defendant); United States v. McCarson, 527 F.3d 170, 173 (D.C. Cir. 2008) (defendant's prior possession of firearms admissible under Rule 404(b) where firearm recovered in drawer in defendant's girlfriend's apartment); United States v. Davis, 792 F.2d 1299, 1305 (5th Cir. 1986) (holding that defendant's prior possession of the same weapons was admissible to establish that his charged possession was knowing); United States v. Mills, 29 F.3d 545, 549 (10th Cir. 1994) ("Use of prior acts to show knowledge is a proper purpose under Rule 404(b) and knowledge is relevant to establish scienter for [a] possession of a

6

firearm violation."); United States v. Gomez, 927 F.2d 1530, 1534 (11th Cir. 1991) (prior conviction of possession of firearms relevant to current charge of possession of firearm to rebut claim that the current firearm possession was for an "innocent purpose" or "was mere accident or coincidence").

In United States v. Garner, 396 F.3d 438, 439 (D.C. Cir. 2005), the D.C. Circuit permitted evidence of a prior possession of a firearm in a case where the evidence at trial could have established possession with evidence of either actual *or* constructive possession. Specifically, the D.C. Circuit in Garner recognized that the jury could have found that the defendants possessed the firearm under two separate theories: first, based on an officer's testimony that he observed the defendant with the firearm in his hand (actual possession theory); or, second, based on the location of where the firearm was recovered in the vehicle, in relation to the defendant (constructive possession theory). Id. at 442-42.

The Circuit recognized that although there was evidence of actual possession, the prior possession of a firearm was nonetheless admissible under Rule 404(b) as the government could also prove possession under a constructive possession theory:

> It is true that if the jurors believed [the officer's] testimony about Garner's handling the gun, as in Linares they would have had to find actual possession and knowledge would not have been in dispute. But, unlike in Linares, the trial evidence here, at the time the district court ruled on [the Rule 404(b) testimony], did not force the jury to a disjunctive choice between actual possession or no possession at all. At the time the district court admitted [the Rule 404(b)] testimony, **it could reasonably have believed the jury might discredit [the officer's] testimony (based on his observations through a tinted window and smoke-filled compartment) and nevertheless convict Garner based on the undisputed testimony that the gun was found under Garner's seat when the car was searched**. In that event, the jury would have faced a paradigmatic constructive possession scenario in which contraband (here, a firearm) is found in proximity to a defendant who may or may not have been "'knowingly in a position to, or [have] had the right to exercise "dominion or control" over the [contraband].'"

7

Garner, at 442-43 (emphasis added). Just as the Circuit recognized in Garner, the jury in this case could ultimately find that the government's evidence is not sufficient to prove that the defendant *actually* possessed the firearm; but could nonetheless find that he *constructively* possessed the firearm at the time it was recovered from his vehicle in May 2020 (based on the forensic evidence, the circumstances of the recovery of the firearm, and the defendant's ownership of the vehicle in which the firearm was recovered). This Circuit, in Garner, thus permits admission of evidence under Rule 404(b), where there are alternate theories of possession (and evidence that supports both actual and constructive possession); see also United States v. Brown, 16 F.3d 423, 431 (D.C. Cir. 1994) (finding that a firearm recovered from the defendant during his arrest was relevant to show intent, knowledge, or absence of mistake with respect to firearms recovered from a safe during an earlier search of an apartment); United States v. Anderson, 174 F. Supp. 3d 494, 497-98 (D.D.C. 2016) (holding that evidence of defendant's prior possession of a firearm was conditionally admissible for the purpose of proving knowledge and/or absence of mistake).

## II. Probative Value of Evidence is Not Substantially Outweighed by Risk of Undue Prejudice

Evidence admissible under Rule 404(b) is, like all evidence, subject to the restrictions of Rule 403. See United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984). In this case, the highly probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to the defendant. Any potential prejudice is not unique to this case — where the government has shown permissible non-propensity purpose — but is endemic to all 404(b) evidence. Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the one charged in the indictment.'" United States v. Douglas, 482 F.3d 591, 601 (D.C. Cir. 2007)

(quoting Crowder II, 141 F.3d at 1210). Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. See Crowder II, 141 F.3d at 1210. The defense must show "compelling or unique" evidence of prejudice, United States v. Mitchell, 49 F.3d 769, 777 (D.C. Cir. 1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence.

The D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury. See, e.g., Douglas, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); Pettiford, 517 F.3d at 590 (same); Crowder II, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis); see also United States v. White, 519 F. App'x 797, 804 (4th Cir. 2013) (district court did not err in ruling that evidence of a prior gun conviction would not unfairly prejudice the defendant under Rule 403 because it did not "involve conduct that was any more sensational or disturbing than the crimes" with which the defendant was charged in the present case where the court provided clear instructions to the jury as to the legitimate implications of the prior convictions); United States v. Penn, No. 2:12-CR-240, 2013 WL 6002345, at *3 (W.D. Pa. Nov. 12, 2013) (evidence of the defendant's prior gun possession conviction was "admissible under Rule 404(b) and not unduly prejudicial under Rule 403," and recognizing that a limiting instruction could cure any concern about the evidence being misused for a "propensity" inference").

In United States v. Cockerham, 417 F.3d 919 (8th Cir. 2005), the Eighth Circuit found that "admission of prior firearm convictions in trial of a firearm charge was not unduly prejudicial." Id. at 921. The Circuit noted that,

> Cockerham submitted all of his arguments regarding prejudicial effects. The court decided that the probative value of those

9

>convictions in helping to prove Cockerham's knowledge and lack of mistake outweighed the potential prejudice resulting from admitting them into evidence. In recognition of this potential prejudice, the court issued an appropriate limiting instruction to the jury. Because Cockerham's knowledge was at issue in the trial and an appropriate limiting instruction was given to the jury, we find no abuse of discretion.

Id. at 922.

Here, a limiting instruction could similarly be fashioned to ensure that the jury could consider the evidence of the prior firearms possession solely for the appropriate purpose. Thus, because the government's 404(b) evidence is not unduly prejudicial, its admission is appropriate.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the government's Motion to Admit Prior Bad Acts be granted for the foregoing reasons.

> Respectfully submitted,
> MICHAEL R. SHERWIN
> ACTING UNITED STATES ATTORNEY
> NEW YORK BAR NO. 4444188

By:   \_\_/s/ *Christopher A. Berridge*_____
Christopher A. Berridge
Assistant United States Attorney
Georgia Bar No. 829103
555 4th Street, N.W.
Washington, DC 20001
Desk: (202) 252-6685
Mobile: (202) 740-1738
Christopher.Berridge@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, by filing the foregoing via the Court's Electronic Case Filing System, I caused a copy of the foregoing to be delivered electronically to counsel of record, on February 16, 2021.

                                                     /s/ *Christopher A. Berridge*
                                                     Christopher A. Berridge
                                                     Assistant United States Attorney

[With Attachments]