# EXHIBIT A

SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

FILED
DC SUPERIOR COURT
CASE MANAGEMENT
2017 JAN 25 PM 4: 05

Holding a Criminal Term

Grand Jury Sworn in on January 17, 2017

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | : | Criminal No:   2016 CF2 019910 |
| v. | : | |
| EVERRICK NEWMAN<br>PDID: 597-381 | : | Violations:<br>22 D.C. Code, Section 4503 (a)(1);<br>22 D.C. Code, Section 4504(a), (2);<br>48 D.C. Code, Section 904.01 (d) (2);<br>7 D.C. Code, Section 2502.01(a);<br>7 D.C. Code, Section 2506.01(3);<br>48 D.C. Code, Section 904.01(d) (2001 ed.)<br><br>(Unlawful Possession of a Firearm (Prior Conviction); Carrying a Pistol Without a License (Outside Home or Place of Business); Unlawful Possession of Liquid PCP; Possession Of Unregistered Firearm; Unlawful Possession Of Ammunition; Unlawful Possession Of a Controlled Substance) |

The Grand Jury charges:

FIRST COUNT:

On or about December 3, 2016, within the District of Columbia, Everrick Newman, previously having been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, owned, kept, and had within his possession and control, a firearm. (Unlawful Possession of a Firearm (Prior Conviction), in violation of 22 D.C. Code, Section 4503 (a)(1) (2001 ed.))

SECOND COUNT:

On or about December 3, 2016, within the District of Columbia, Everrick Newman did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business or on other land possessed by him, a pistol, without a license issued pursuant to law. (Carrying a Pistol Without a License (Outside Home or Place of Business), in violation of 22 D.C. Code, Section 4504(a), (2) (2001 ed.))

THIRD COUNT:

On or about December 3, 2016, within the District of Columbia, Everrick Newman, did unlawfully, knowingly, and intentionally possess a quantity of phencyclidine, that is PCP, in liquid form, an abusive drug controlled substance. (Unlawful Possession of Liquid PCP, in violation of 48 D.C. Code, Section 904.01 (d) (2) (2001 ed.))

FOURTH COUNT:

On or about December 3, 2016, within the District of Columbia, Everrick Newman did possess a certain firearm, without being the holder of a valid registration certificate. (Possession Of Unregistered Firearm, in violation of 7 D.C. Code, Section 2502.01(a) (2001 ed.))

FIFTH COUNT:

On or about December 3, 2016, within the District of Columbia, Everrick Newman did possess ammunition without being the holder of a valid registration certificate for a firearm. (Unlawful Possession Of Ammunition, in violation of 7 D.C. Code, Section 2506.01(3) (2001 ed.))

SIXTH COUNT:

On or about December 3, 2016, within the District of Columbia, Everrick Newman did unlawfully, knowingly, and intentionally possess a quantity of alprazolam, that is, xanax, a controlled substance. (Unlawful Possession Of a Controlled Substance, in violation of 48 D.C. Code, Section 904.01(d) (2001 ed.))

CHANNING D. PHILLIPS
United States Attorney
in and for the District of Columbia

A TRUE BILL:

Foreperson

# EXHIBIT B

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION
UNITED STATES
VS
NEWMAN, EVERICK MCKALE
CCN #: **16204906**
Arrest Number: **071642025**

The event occurred on  **12/03/2016**  at approximately  **15:40**  at  **2744 BRUCE PLACE SE, WASHINGTON, DC 20020**

**The following events occurred at approximately 1545 hours in the 2700 block of Langston Pl SE and a foot pursuit that ended at 2744 Bruce Pl SE in PSA 702.**

**Officer Moshier was working as a 10-99 unit in full police uniform assigned the call sign "Wagon 71" and Officer Cory was also working as a 10-99 unit dressed in full police uniform assigned call sign "7032". Officer Moshier and Cory were assigned a radio run for Disorderly Conduct in reference to a man loitering inside the common hallway of 2728 Langston Pl SE. Upon Officers arrival, Officer Moshier and Cory observed a black male (who was later identified as Newman, Everick DOB 09/01/1991 herin referred to as D-1) exit the hallway and walk into the parking lot of the Langston Lane Apartments. Officer Cory asked D-1 if he could talk to him for a minute at which point D-1 exhibited unprovoked flight and was last seen exiting the Langston Lane Apartments toward the interior of the Woodland Terrace Public Housing complex. Officer Moshier noticed that as D-1 was running away he was clutching the right waistband area of his pants with his right hand and although he was running at what appeared to be full speed, only his left arm was swinging which led Officer Moshier to believe that D-1 was concealing illegal contraband specifically, a gun.**

**At this point Officer Moshier returned to his patrol vehicle to canvass for the individual who had just exhibited unprovoked flight. While canvassing the 2300 block of Ainger PL SE, Officer Moshier observed D-1 walking in the parking lot. Once D-1 observed the marked patrol vehicle he again fled on foot towards the 2300 block of Reynolds Pl SE. Officer Moshier then drove to the 2700 block of Langston Pl SE and exited the patrol vehicle to canvas for the individual on foot. D-1 was again observed by Officer Moshier walking in the parking lot area and once he noticed Officer Moshier, he began to flee on foot towards the 2300 block of Reynolds PL SE. Officer Moshier engaged in a foot pursuit and noticed D-1 repeatedly attempting to secure an unknown object(s) in the area of the right waistband while running, and caught up with D-1 after he unsuccessfully attempted to enter 2744 Bruce Pl SE.**

**D-1 was stopped in the rear of 2744 Bruce Pl SE and placed in handcuffs for the safety of Officers and himself. Officers Kelly and Whitehead, who were also in full police uniform and working as a 10-4 unit in service as "Crime Suppression 6" responded to assist in the foot pursuit. Due to Officer Moshier's observations while D-1 was running, a pat down of the outer garments was conducted which revealed a hard metal object consistent with a gun in the right waistband area. Upon unhooking D-1s belt it was revealed that he was wearing pants with shorts on top of them and then an additional pair of gray pants on top of that. Concealed between the shorts and the outer layer of pants Officers observed a silver in color handgun, which had a barrel length of less than twelve inches, appeared to be designed to be fired with a single hand by means of an explosive device and also appeared to be fully functional. Later investigation revealed that it was a Pheonix Arms "Raven" pistol bearing serial number 3140974 which was loaded with a round of live ammunition in the chamber and six additional rounds in the magazine. A WALES/ NCIC check revealed that D-1 does not possess a license to carry a pistol in the District of Columbia and additionally the ammunition was not found to be registered in the District of Columbia.**

**In addition to the handgun, also located between D-1s shorts and outer pants was a clear plastic zip containing a clear glass vial that was half full of an amber colored liquid which had a strong chemical odor consistent with the smell of PCP. Additionally recovered from the same area of D-1s pants was a blue zip containing a green scored tabled with " S-90-3" imprinted on it, an online query was conducted with that description revealed it to be a "Xanex" tablet, for which D-1 did not possess a prescription.**

**D-1 was placed under arrest for Possession with Intent to Distribute PCP, Carrying a Pistol without a license, Possession of a Controlled Substance, Possession of an Unregistered Firearm, and Possession of Unregistered Ammunition and transported to the Seventh District for Processing.**

**D-1 was identified by his DC ID card.**

Pg. 1 of 2

**All of these events occurred in the District of Columbia.**

Pg. 2 of 2

The event and acts described above occurred primarily in the District of Columbia and were committed as described by defendant(s) listed in the case caption.

Subscribed and sworn before me this **12/03/2016**

| **MOSHIER, MICHAEL / 3879 / 10079 (12/03/2016) E-SIGNATURE** | | **LARSEN, PETER / 2471 (12/03/2016) E-SIGNATURE** |
|---|---|---|
| Police Officer / Badge# / CAD# | Unit | Witness / Deputy Clerk |

| **MOSHIER, MICHAEL / 3879 / 10079** | **LARSEN, PETER / 2471** |
|---|---|
| Printed Name of Member / Badge# / CAD# | Printed Name of Witness / Deputy Clerk |

The foregoing statement was made under penalty of criminal prosecution and punishment for false statements pursuant to D.C. Code 22-2405

Pg. 2 of 2

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION**

**UNITED STATES**
**vs**

**EVERRICK NEWMAN**                              Dec. 05, 2016

The defendant has a prior conviction for Possession with Intent to Distribute While Armed which is a crime punishable by more than one year, docket number 2015 CF2 012577.

----

The events and acts described above occurred primarily in the District of Columbia and were committed as described by defendant(s) listed in the case caption.

The foregoing statement w as made under penaity of criminal prosecution and punishment for false statements pursuant to D.C. Code § 22-2514

December 5, 2016

| Police Officer | Badge | Unit | Witness / Deputy Clerk |

| Printed Name of Member / CAD# | | | Printed Name of Witness / Deputy Clerk |

1 of 1

# EXHIBIT C

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## (Amended)

| | |
|---|---|
| United States of America<br>Vs. | JUDGMENT IN A CRIMINAL CASE<br>(Incarceration / Probation) |
| **EVERRICK NMN NEWMAN**<br>DOB: ▮▮▮▮ | Case No. **2016 CF2 019910**<br>PDID No. **597381**<br>DCDC No. **351199** |

**THE DEFENDANT HAVING BEEN FOUND GUILTY ON THE FOLLOWING COUNT(S) AS INDICATED BELOW:**

| Count | Court Finding | Charge |
|---|---|---|
| 1 | Trial By Court-Guilty | Unlawful Possession of a Firearm (Prior Conviction) |
| 2 | Trial By Court-Guilty | Carry Pistol W/O Lic (Inside Home/Prior Felony) 2015 |
| 3 | Trial By Court-Guilty | Unlawful Possession of Liquid PCP |
| 4 | Trial By Court-Guilty | Possession of Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device |
| 5 | Trial By Court-Guilty | Unlawful Poss Ammunition |
| 6 | Trial By Court-Guilty | Poss of a Controlled Substance -Misd(Xanax) |

## SENTENCE OF THE COURT

**Count 1 Unlawful Possession of a Firearm (Prior Conviction)** Sentenced to 36 month(s) incarceration, execution of sentence suspended as to all but 24 month(s), 3 year(s) Supervised Release SUSPENDED, *Supervised Probation for 2 year(s), $100.00 VVCA
**Count 2 Carry Pistol W/O Lic (Inside Home/Prior Felony) 2015** Sentenced to 14 month(s) incarceration, 3 year(s) Supervised Release SUSPENDED, *Supervised Probation for 2 year(s), $100.00 VVCA
**Count 3 Unlawful Possession of Liquid PCP** Sentenced to 14 month(s) incarceration, 3 year(s) Supervised Release SUSPENDED, *Supervised Probation for 2 year(s), $100.00 VVCA
**Count 4 Possession of Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device** Sentenced to 90 day(s) incarceration, $50.00 VVCA
**Count 5 Unlawful Poss Ammunition** Sentenced to 90 day(s) incarceration, $50.00 VVCA
**Count 6 Poss of a Controlled Substance -Misd(Xanax)** Sentenced to 60 day(s) incarceration, $50.00 VVCA
VVCAA to be paid from jail pay, unpaid paid balance to be paid within one year of being released on probation.
Counts 1, 2, 3, 4, 5, and 6 are all concurrent with each other.

The defendant is hereby committed to the custody of the Attorney General to be incarcerated for a total term of __**24 months**__. MANDATORY MINIMUM term of __**1 year**__ applies.

The Court makes the following recommendations to the Bureau of Prisons/Department of Corrections:

Defendant is hereby ordered placed on probation - See Page 2 of this Order for Conditions of Probation; *upon release from either the courtroom or incarceration, Defendant must report to 300 Indiana Avenue, NW, **Room 2070**, Washington, DC, by the next business day after release from jail or prison.*

Total costs in the aggregate amount of $ __**450.00**__ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☑ have not been paid. ☑ Appeal rights given ☑ Gun Offender Registry Order Issued
☐ Advised of right to file a Motion to Suspend Child Support Order ☐ Sex Offender Registration Notice Given
☐ Domestic violence notice given prohibiting possession/purchase of firearm or ammunition ☐ Voluntary Surrender
☐ In addition to any condition of probation, restitution is made part of the sentence and judgment pursuant to D.C. Code § 16-711.

| | |
|---|---|
| __5/23/17 Nunc Pro Tunc to 5/19/17__<br>Date | _/s/ Kimberley Knowles_<br>KIMBERLEY KNOWLES<br>Judge |
| Entered by Clerk pursuant to Criminal Rule 32(f) | |
| __5/23/17 Nunc Pro Tunc to 5/19/17__<br>Date | __Vic Simon__<br>Deputy Clerk |

Received by DUSM: _____ Badge#: _____ Signature: _____ Date:_____ Time: _____
Printed Name

CDJCSPLIT.doc

CASE NUMBER: __2016 CF2 019910__
DEFENDANT: __EVERRICK NMN NEWMAN__



The Defendant is hereby placed on *__Supervised Probation__ for a term of __2 year(s).__

## GENERAL CONDITIONS OF PROBATION

1. Obey all laws, ordinances, and regulations.
2. Report to CSOSA today and then for all appointments scheduled by your Community Supervision Officer (CSO).
3. Permit your CSO to visit your place of residence.
4. Notify your CSO within one business day of (A) an arrest or questioning by a law enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. Obtain the permission of your CSO before you relocate from the District of Columbia.
6. Do not illegally possess or use a controlled substance or any paraphernalia related to such substances (you may take lawfully prescribed medication). You must not frequent a place where you know a controlled substance is illegally used or distributed.
7. You must drug test at the discretion of CSOSA. In the event of illicit drug use or other violation of conditions of probation, participate as directed by your CSO in a program of graduated sanctions that may include periods of residential placement or services.
8. Participate in and complete CSOSA's employment/academic program, if directed by your CSO.
9. Participate in and complete other CSOSA's programs as identified through CSOSA's risk and needs assessment.
10. Satisfy all court imposed financial obligation(s) (fines, restitution, Victim of Violent Crime Act assessments, etc.) to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by your CSO. A payment plan will be established by your CSO so that you will be in a position to pay your court imposed financial obligation(s) within 90 days prior to the termination of your probation.

## SPECIAL CONDITIONS OF PROBATION

1. Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your CSO.
2. Restitution of $ _____ in monthly installments of $ _____ beginning _____
   ☐ The Court will distribute monies to: _____
   _____
3. ☐ You are to stay away from the person(s) and or address(es) listed below: _____
   _____

   ☐ You are to stay away from the following places or area(s): _____
   _____

You are not to have contact with any of the persons named above. You must remain at least 100 yards away from them, their home, and/or their places of employment. You are not to communicate, or attempt to communicate with any of these persons, either directly or through any other person, by telephone, written message, electronic message, pager, or otherwise, except through your lawyer.

4. **Other Special Conditions:** Drug and alcohol testing and treatment as deemed necessary by CSOSA. Vocational training or maintain employment. Participate in the Re-entry and Sanction Center following by transitional housing. GPS monitoring at the discretion of CSOSA. Life Skill Classes. Mental Health Assessment and treatment as deemed necessary by CSOSA.

CDJCSPLIT.doc